# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| F.O.A.N. PROPERTIES, LLC,<br>    Plaintiff<br><br>    v.<br><br>OWNERS INSURANCE COMPANY,<br>    Defendant | No. 23 CV 191<br><br>Judge Jeremy C. Daniel |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) by the defendant, Owners Insurance Company ("Owners"). (R. 19.)[1] The plaintiff, F.O.A.N. Properties, LLC ("F.O.A.N."), originally filed suit in Illinois state court alleging breach of contract, a violation of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count II), and bad faith, in violation of 215 ILCS 5/143.1 and 50 Ill. Admin. Code § 818.80(d)(8)(C) (Count III) (R. 1-1 ("Compl.").) Owners removed the action to federal court and filed the present motion arguing that the suit is barred by the policy's Suit Limitations Clause. (R. 1; R. 19.) For the reasons explained below, the motion is denied.

---

[1] For CM/ECF filings, the Court cites to the page number(s) set forth in the document's CM/ECF header unless citing to a particular paragraph or other page designation is more appropriate.

## BACKGROUND[2]

On or about April 20, 2019, Silk Limited Partnership ("Silk"), secured a Commercial Property Insurance policy, effective through April 20, 2020, from Defendant Owners. (Compl. ¶ 4.) Silk filed a claim with Owners after two of its buildings ("the Buildings") sustained hail damage to their roof and HVAC units during a storm that occurred on April 7, 2020. (*Id.* ¶¶ 3, 8; R. 25 at 2 n.1.) Silk subsequently transferred ownership of the Buildings to Plaintiff F.O.A.N., around September 2021. (*Id.* ¶ 5.) F.O.A.N. is also the successor in interest of and to all rights and entitlements to insurance benefits related to the Buildings. (*Id.* ¶ 6.)

Under the policy, in the event that either the insured or the insurer "disagree[d] on the value of the property or the amount of loss" either party was allowed to "make written demand for an appraisal of the loss." (Compl. at 101; R. 15-1 at 78.) The policy also required the insured to submit a sworn proof of loss within sixty days of filing a claim. (*Id.*) The policy's Suit Limitations Clause additionally barred legal action by the insured against the insurer unless (1) the parties were in full compliance with all of the terms of the coverage requirements, and (2), the action was brought within two years of the date on which the direct physical loss or damage occurred. (Compl. at 121; 15-1 at 108.)

---

[2] The Court takes the following allegations from the complaint, which are accepted as true for purposes of this motion, *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020), and the material facts provided in F.O.A.N.'s response to the motion. (R. 25 at 10-11.). The Court may also properly consider "documents incorporated by reference to the pleadings[.]" *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017) (quotation marks omitted).

Silk filed a claim with Owners seeking coverage for the April 2020 loss under the policy on November 5, 2021. (*Id.* ¶ 10; R. 15-2 at 2.) On November 11, Owners requested that Silk provide a sworn proof of loss within sixty days (*i.e.*, by January 9, 2022). (R. 25 at 10; R. 28 at 4.) On November 15, 2021, Owners estimated that the Replacement Cash Value ("RCV") of the damage was $42,302.25. (Compl. ¶ 11.) Owners partially denied the claim and issued a $35,142.55 payment to Silk for the estimated Actual Cash Value ("ACV"). (*Id.*; R. 25 at 10; R. 28 at 4.) Although the cost of the roof repair was included in the estimate, the cost of the damaged HVAC units was not. (R. 25 at 10.)

F.O.A.N. did not file a sworn proof of loss before January 9, 2022. (*Id.*) On or about January 18, F.O.A.N., through its duly authorized public adjuster, informed Owners that it estimated that the RCV of the damage was actually $192,278.16, an amount which included the cost of the HVAC units. (Compl. ¶ 12; R. 28 at 4.) F.O.A.N. also sent Owners a written demand for appraisal explaining that it did not agree with Owners' estimated loss amount. (Compl. ¶¶ 13-14, at 172; R. 28 at 4.)[3]

Owners rejected F.O.A.N.'s appraisal demand as "premature" because the HVAC units had not yet been inspected by its investigators. (Compl. ¶ 16; R. 15-6 at 2.) F.O.A.N.'s public adjuster agreed to "wait" for the appraisal after the HVAC inspection. (R. 15-6 at 2.) After the inspection was completed, on April 5, 2022, Owners issued a new estimate: $82,802.79 for the ACV and $125,372.27 for the RCV,

---

[3] Owners argues that it was improper for F.O.A.N. to demand an appraisal at this point in time. (R. 19 at 7.) Owners argues that this is immaterial to resolving the motion. (*Id.*) Even so, the Court is bound to accept F.O.A.N.'s allegation at this stage of the proceedings. *Federated Mut. Ins. Co.*, 983 F.3d at 313.

3

with corresponding payment for the incremental difference. (R. 15-7 at 2; R. 25 at 8; R. 28 at 5.) Just two days later, on April 7, 2022, the suit limitation period ran. (Compl. ¶ 28.)

On April 25, F.O.A.N. once again demanded appraisal. (*Id.*) Owners responded by stating that "a formal response" would be supplied "within twenty days" and that it needed documentation for "any estimate or line items" that they "[were] disagreeing with the price." (Compl. ¶ 28; R. 15-8 at 2-3.) F.O.A.N. supplied the requested information. (Compl. ¶ 28.) On May 25, 2022, Owners formally responded that it would not agree to an appraisal because any legal action against it had to be brought within two years of the date of loss, April 7, 2020. (Compl. ¶ 28; R. 15-9 at 2-3.) At no point prior did Owners inform F.O.A.N. about how much time remained before suit would be barred. (R. 25 at 11.)[4]

F.O.A.N. filed suit against Owners alleging that its refusal to participate in an appraisal constituted a breach of contract (Count I), a violation of the Consumer

---

[4] While Owners argues that it was not required to make any such advisement, they do not contest that they did not expressly advise F.O.A.N. about the time remaining under the Suit Limitations Clause. (R. 15 ¶ 19) ("Owners admits that when it explained to the Insured's adjuster that appraisal was improper under the Policy, Owners did not again 'advise' the Insured (or Plaintiff) of those requirements and/or limitations under the Policy.").

Owners also asserts that it "expressly *reserved* the Suit Limitations Clause," by advising F.O.A.N., on multiple occasions, that "[a]ll rights, terms, conditions, and exclusions in the policy are in full force and effect and are completely reserved," and that "[n]o action by any employee, agent, attorney or other person on behalf of [Owners] or hired by [Owners] on your behalf; shall waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy." (R. 21 ¶¶ 4, 9, 13) (emphasis added). On its face, this is not an assertion that Owners ever explicitly informed F.O.A.N. about how much time remained before suit would be barred. And, in any event, as will be explained, the waiver inquiry is fact-intensive, *Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 614 (N.D. Ill. 2020), and Owners' view of the facts does not carry the day at this stage of proceedings. *Federated Mut. Ins. Co.*, 983 F.3d at 313.

4

Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count II), and bad faith, in violation of 215 ILCS 5/143.1 and 50 Ill. Admin. Code § 818.80(d)(8)(C) (Count III) (Compl.) After removing this case to federal court, (R. 1) Owners filed a motion for judgment on the pleadings arguing that F.O.A.N. failed to file its lawsuit within the contractual limitations period. (R. 19 at 5.)[5]

## LEGAL STANDARD

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "[T]he motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the [movant] is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). In deciding the motion, the Court is "confined to the matters presented in the pleadings," *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017), which are "the complaint, the answer, and any written instruments attached as exhibits[.]" *Federated Mut. Ins. Co.*, 983 F.3d at 312; *Pierson v. Blagojevich*, No. 04 C 939, 2005 WL 1162964, at *2 (N.D. Ill. Apr. 21, 2005) ("[T]he Seventh Circuit has recognized that a defendant can attach exhibits to its answer as part of the pleadings."). These pleadings and all reasonable and justifiable factual inferences must be construed in the light most favorable to F.O.A.N., the nonmovant. *Federated Mut. Ins. Co.,* 983 F.3d at 313-14. Because "[d]istrict courts should not allow motions for judgment on the pleadings to deprive the non-moving party of the opportunity to make its case,"

---

[5] The court has subject matter jurisdiction based on diversity of citizenship. (R. 1 ¶ 6); *see* 28 U.S.C. § 1332.

5

the Court will only grant the motion if "it appears beyond doubt" that F.O.A.N. "cannot prove facts sufficient to show" that Owners should be estopped from enforcing the Suit Limitations Clause. *Federated Mut. Ins. Co.*, 983 F.3d at 313.

## ANALYSIS

As mentioned, the policy's Suit Limitations Clause bars suit against Owners unless (1) there was full compliance with all of the policy's terms during the relevant period, and (2) the action was brought by April 7, 2022. (Compl. at 121; 15-1 at 108.) Owners argues that the pleadings show that F.O.A.N. failed to satisfy either requirement, thus any legal action arising from the insurance claim for the damage to the Buildings that occurred on April 7, 2020, is prohibited. (R. 19 at 5.)

Under Illinois law, "[t]he parties to a contract may agree to a shortened contractual limitation period to replace a statute of limitations, so long as it is reasonable." *Country Preferred Ins. Co. v. Whitehead*, 979 N.E.2d 35, 43 (Ill. 2012). "A lawsuit filed after a contractual time limitation has expired is barred unless an insurer has waived the requirement." *Mathis v. Lumbermen's Mut. Cas. Ins. Co.*, 822 N.E.2d 543, 547 (Ill. 5th App. Dist. 2004). Here, the parties do not dispute that the Suit Limitations Clause is reasonable, (R. 28 at 3); indeed, courts applying Illinois law have found that much shorter contractual periods (between six months and one year) were reasonable. *See Sears Home Appliance Showrooms, LLC v. Charlotte Outlet Store, LLC*, No. 17 C 8478, 2018 WL 3068459, at *4 (N.D. Ill. June 21, 2018) (collecting cases). Rather, F.O.A.N. argues that Owners has "waived, and is estopped from invoking" the Suit Limitations Clause. (R. 25 at 11.)

6

"Waiver is the voluntary, intentional relinquishment of a known right." *Mathis*, 822 N.E.2d at 548. "[E]stoppel is based upon an insurer's conduct that misleads the insured to [her] detriment." *Podolak-Dunn v. Allmerica Fin. All. Ins. Co.*, No. 22 C 03191, 2023 WL 3602802, at *3 (N.D. Ill. May 23, 2023) (alteration in original). "Estoppel applies where the insurer's actions during negotiations are such as to lull the insured into a false sense of security, thereby causing [her] to delay the assertion of [her] rights.'" *Id.* (citation omitted). "Because an implied waiver arises from the insurer's conduct, an implied waiver can be based on either waiver or estoppel, for it exists when there is an intention to waive unexpressed, but clearly to be inferred from circumstances, or when there is no such intention in fact, but the conduct of the insurer has misled the insured into acting on a reasonable belief that the insurer has waived some provision of the policy." *Mathis*, 822 N.E.2d at 548 (citation omitted). "Cases in which an insurer's conduct is found to amount to estoppel typically involve a concession of liability by the insurer, advance payments by the insurer to the plaintiff in contemplation of eventual settlement, and statements by the insurer which encourage the plaintiff to delay filing [her] action." *Podolak-Dunn v. Allmerica Fin. All. Ins. Co.*, 2023 WL 3602802, at *3 (alteration in original).

Generally, questions regarding a limitations defense and estoppel are best resolved at summary judgment because the issues "typically turn on facts not before the court at [this] stage in the proceedings." *Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 614 (N.D. Ill. 2020) (alteration in original). Still, "where a litigant pleads facts demonstrating that the applicable limitations period has expired, the

7

court may resolve the issue on [the pleadings]." *Sears Home Appliance Showrooms, LLC*, 2018 WL 3068459, at *4.

Some consideration of the Illinois Administrative Code is necessary before analyzing the issue. Under 50 Ill. Adm. Code § 919.80(d)(8)(C), any policy containing a Suit Limitations Clause requires that an insurer notify the insured of how many days are left to bring suit if the coverage period is tolled under 215 ILCS 5/143.1. Coverage is tolled "from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." *Id.* Where the proof of loss requirement is waived, however, an insurer remains obligated to notify the insured of the limitation period under § 919.80(d)(8)(c). *Mathis*, 822 N.E.2d at 549 ("When Lumbermen's denied Mathis' claim, it was required under the insurance regulation to advise Mathis of how long the limitation period had been tolled and how many days remained until the time to file suit expired.").

F.O.A.N. argues that Owners waived the Suit Limitations clause because it never explicitly reminded F.O.A.N. about it. (R. 25 at 12-13.) This argument relies upon *Mathis*, where an Illinois appellate court concluded that an insurer's violation of § 919.80(d)(8)(C) "provide[d] a basis for the insurer's waiver of a time limitation provision contained in the policy." 822 N.E.2d at 550.

In *Mathis*, the court's decision that the insurer violated § 919.80(d)(8)(C) turned on its determination that the insurer had waived the policy's proof-of-loss requirement by never requesting one. *See id.* at 858. This fact is distinguishable from this case; there is no dispute that Owners requested that the insured provide a sworn

8

proof of loss within sixty days (*i.e.*, by January 9, 2022). (R. 25 at 10; R. 28 at 4.) Nevertheless, F.O.A.N. asserts that Owners waived the proof of loss requirement by twice paying out amounts under the policy despite F.O.A.N. never submitting one. (R. 25 at 12.) Because this argument turns on factual inferences for which the Court is bound to give F.O.A.N. the benefit, *see Federated Mut. Ins. Co.,* 983 F.3d at 313-14, the Court accepts this argument. Since it is plausible that Owners' waived the proof of loss requirement, it also plausibly had a duty to inform F.O.A.N. of the limitation period under § 919.80(d)(8)(c) upon denying coverage. *Mathis*, 822 N.E.2d at 549. Owners itself admits that it partially denied coverage. (*See, e.g.*, R. 28 at 6) ("There is no dispute that on November 5, 2021, the Insured submitted the Claim, which Owners partially denied on November 11, 2021."). This partial denial plausibly triggered Owners' duty to inform F.O.A.N. about how much time remained under the Suit Limitations Clause. F.O.A.N.'s allegation that Owners never did so can thus support an inference that Owners waived the Suit Limitations Clause. *Mathis*, 822 N.E.2d at 550. Accordingly, Owners' motion for judgment on the pleadings is denied.

## CONCLUSION

For the reasons above, the Court denies Owners' motion [19] for judgment on the pleadings.

Date: 4/12/2024

JEREMY C. DANIEL
United States District Judge

9